# John Smith, plaintiff in error, *vs.* Smith & Johnson, defendants in error.

## *Error to Johnson.*

Where the parties, in an action of assumpsit, waive a trial by jury, and submit the whole matter to the court, no formal entry of a finding on the issues as on a verdict of a jury, is necessary.   The amount of damages found is within its own knowledge, and it is sufficient to enter up judgment for the amount of damages assessed.

This was an action of assumpsit brought by Adam Smith and Chesley Johnson, for the use of William Harris, against John Smith, upon a note for $123, to which the defendant pleaded the general issue, and gave notice of special matter of defence.

At the January term, 1843, the case was submitted to the court and a judgment awarded the plaintiffs for $36,98 damages. There were motions in arrest of judgment and for a new trial overruled. To reverse which, the defendant below brought up the case upon a writ of error.

The following errors are assigned:

1. The judgment was given in favor of said plaintiffs, when by law it ought to have been in favor of said defendants.

2. The court ought to have sustained said motion in arrest, and granted a new trial.

3. There was no finding by a jury or court on the issues joined, upon which to render judgment.

4. The record aforesaid shows no finding upon which judgment could be rendered.

BATES & HARRISON, for plaintiff in error.

REAGAN & GILBERT, for defendants in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The two first errors assigned in this case are not founded upon matter of record, and therefore cannot now be considered. The third and fourth are identical in substance; that no verdict was rendered to serve as a basis for the judgment. The right of a jury was waived by the parties at the trial, and the whole case submitted to the court. Without any formal entry of a verdict, the record merely states as follows : " and being advised in the premises, it is considered by the court, that the said plaintiffs recover of the said defendant, the sum of thirty-six dollars and ninety-eight cents damages assessed by the court, &c."

This entry is abundantly sufficient. Where the jury find a verdict, their finding should be substantially set forth on the record, for it forms the basis of the judgment. Without this, we cannot know whether the court entered up the proper judgment. The court has no power of knowing the proper amount but by means of the verdict. But where the whole matter is left to the court, the case is different. The amount of damages found is within its own knowledge, and there is, therefore, not that necessity for entering up a formal verdict, that exists in the other case. It is sufficient to enter up the judgment at once; stating it to be

for the amount of damages assessed in the case as was done in the present instance.   Judgment affirmed.